Edward V. Hanrahan, U. S. Atty., for the United States.

Howard R. Kaufman, Chicago, Ill., for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Nathan J. AVERICK, Defendant.**

**No. 63 C 1870.**

United States District Court
N. D. Illinois, E. D.

June 30, 1965.

DECKER, District Judge.

The United States of America brings this suit against Nathan J. Averick for breach of contract. The complaint alleged that the defendant, a doctor, signed a "Career Residency Training Contract" with the Veterans Administration (V.A.) under which he was to receive medical training while employed full-time as a physician. The contract provided that after the training period, the defendant was to remain in the employ of the V.A. for a length of time equal to the residency training period already completed.

The complaint further alleges that the defendant resigned from the V.A. after four years of training without performing the remainder of the contract. The contract provided for liquidated damages of $492.00 for each month of additional service owing but not completed. Judgment is asked in the amount of $20,500.-31, plus interest and costs.

The plaintiff has filed a motion for summary judgment. From the pleadings, the answers to plaintiff's requests for admissions under Rule 36, F.R.Civ.P., and the deposition of the defendant, the

following facts appear and are uncontradicted:

1. On September 2, 1958, the defendant signed a document entitled "Contract for Full-time Physician to Receive Specialty Training (Career Resident)."

2. The contract provided that the defendant would be employed as a full-time physician while receiving his residency training in pathology. The defendant was to be paid the regular salary of a full-time physician while receiving residency training as well as afterwards.

3. The contract also provided that after the residency training was completed the defendant would remain in the employ of the V.A. for a period of time equal to the residency training completed.

4. The contract also provided that for each month or portion of a month that the defendant failed to perform the obligated services, the damages to the V.A. would be $492.00, as liquidated damages and not as a penalty.

5. The defendant was employed by the V.A. from September 2, 1958, until August 31, 1962, during which time he received residency training.

6. Defendant resigned on August 7, 1962, effective August 31, 1962. The reason he stated for the resignation was "Better position and higher salary made available to me."

7. On August 31, 1962, the defendant signed an "Agreement" under which he stated that he would pay to the V.A. the sum of $20,616.00 in installments. The "Agreement" begins with the words "Due to failure to fulfill obligated service under the terms of employment agreement * * *."

From the uncontradicted evidence, I find that there is no genuine issue as to any material fact regarding liability and that the plaintiff is entitled to a judgment as a matter of law, Rule 56, F.R.C.P. All of the necessary elements for a binding contract are present; the parties agreed and the consideration was sufficient; the condition precedent to the defendant's liability for additional service, that is, residency training while employed as a full-time physician, was performed by the V.A. For these reasons, judgment on the issue of liability must be entered for the plaintiff.

The amount of the damages has not been placed into issue. For this reason, the plaintiff will be ordered to file a judgment order and the defendant will be given an opportunity to object to the amount of the judgment, if he so desires.

It is hereby ordered that the plaintiff's motion for summary judgment is granted as to liability, that the plaintiff is ordered to file an appropriate judgment order within five days, and that the defendant is given leave to file objections to the judgment order five days thereafter, if he so desires.